UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Edgar Lenear,

Petitioner,

vs.                                              REPORT AND RECOMMENDATION

Daniel Ferrise,

Respondent.            Civ. No. 04-5021 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Edgar Lenear for a Writ of Habeas Corpus under Title 28 U.S.C. §2254.  For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

II.  Facts and Procedural Background

The Petitioner, who is a Minnesota State prison inmate, commenced this action under Title 28 U.S.C. §2254 alleging that he is being detained illegally.  The Petitioner alleges that an ex post facto violation occurred when the Minnesota Statutes

retroactively extended the statute of limitations for his offenses after they were committed, but prior to the time bar of his prosecution.  See, Docket No. 11 at 4 .  The background facts are not seriously in dispute.

On November 11, 1993, a woman reported to the police that a masked intruder had forced his way into her home, and had raped her.  She directed the police to the DNA evidence that was left behind by the perpetrator, but the police were unable to match the DNA to any suspect until 2002, when the sample matched a DNA sample from the Petitioner.  See, Findings of Fact, Conclusions of Law, and Order, State v. Lenear, No. 02081050 (Minn. Dist. Ct. 4th Dist., May 6, 2003) ("Lenear I"), Docket No. 1, Ex. 5, at unnumbered pp.10-16.

In 1993, Minnesota law provided for a seven (7) year statute of limitations for the prosecution of first degree criminal sexual conduct, under Minnesota Statutes Section 609.342.  See, Minnesota Statutes Section 628.26(d)(1993).  In 1995, the Minnesota legislature amended Section 628.26(d) so as to provide a nine (9) year statute of limitations period -- effective July 1, 1995.  The new statute of limitations "applie[d] to crimes committed on or after that date, and to crimes committed before that date if the limitations period for the offense did not expire before July 1, 1995.

See, Laws 1995, chap. 226, art. 2, Section 38, amending Minnesota Statutes Section 628.26 (1995).

On October 22, 2002, a Complaint was filed in Hennepin County District Court which charged the Petitioner with two Counts of first degree criminal sexual conduct, under Minnesota Statutes Section 609.342, Subdivisions 1(c) and (d). See, Criminal Complaint, Lenear I, Docket No. 1, Ex. 5, at unnumbered pp. 1-4. The Petitioner was tried and convicted on May 6, 2003. See Findings of Fact, Conclusions of Law, and Order, Lenear I, Docket No. 1, Ex. 5, at unnumbered p. 16.

The Petitioner appealed his convictions, and sentencing, alleging that an ex post facto violation had occurred when the Minnesota legislature amended the statute of limitations after his offense. The Petitioner argued that his prosecution was time-barred by the original -- that is, the one in effect in 1993 -- statute of limitations. See, State v. Lenear, A03-1309 at 1 (Minn.App., Aug. 24, 2004)(unpublished opinion) ("Lenear II"). The Minnesota Court of Appeals rejected the Petitioner's contention following precedent that was established, by the same Court, in State v. Burns, 524 N.W.2d 516, 520 (Minn.App. 1994). Id. at 3-4. The Court of Appeals also distinguished the Petitioner's case from a recent Supreme Court case -- Stogner v. California, 539 U.S. 607, 632-33 (2003) -- which concluded that an ex post facto

violation had occurred when a prosecution followed a retroactive extension of a statute of limitations **after** the expiration of the underlying offense's original time-bar.  Id. at 4.  As a result, the Court of Appeals determined that the State could prosecute the offense if commenced on or before November 11, 2002, and a prosecution before that date presented no ex post facto violation.  Id. at 3.  The Minnesota Supreme Court denied further review of Petitioner's appeal.  See, Linear II (review denied Nov. 16, 2004).

### III.  Discussion

A.    Standard of Review.  "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Title 28 U.S.C. §2254(a).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  As a result, before a Writ may issue, the Petitioner must establish that the State's exercise of custody over his person is an affront to the Constitution, a Federal law, or a Federal treaty.  Id.; see also, Lupien v. Clarke, 403 F.3d 615, 618 (8th Cir.

2005); <u>Newton v. Kemna</u>, 354 F.3d 776, 782 (8th Cir. 2004); <u>Robinson v. Leapley</u>, 26 F.3d 826, 829 (8th Cir. 1994).

In 1996, Congress restricted the scope of a Federal Court's review of Habeas Petitions, where the underlying claims were adjudicated in State Court.   See, <u>Antiterrorism and Effective Death Penalty Act of 1996</u>, Pub. L. No. 104-132, 110 Stat. 1214 (1996)("AEDPA"); see also, <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70 (2003) ("AEDPA circumscribes a federal habeas court's review of a state court decision."). A Federal Court's authority to vitiate State Court decisions, by the granting of a Writ of Habeas Corpus, is now limited to the narrow class of claims which have been fully exhausted in the State Courts, and which involve an adjudication that either:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

<u>Title 28 U.S.C. §2254(d)</u>.

In a recent Supreme Court decision, the Court explained that the "contrary to," and "unreasonable application" clauses of Section 2254(d)(1), present two separate grounds on which a Federal Court may grant Habeas relief to claims adjudicated in the

State Courts.  <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  The Court went on to instruct

as follows:

> Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrive[d] at a conclusion
> opposite to that reached by [the Supreme Court] on a
> question of law or if the state court decide[d] a case
> differently than [the Supreme Court] has on a set of
> materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the
> writ if the state court identifie[d] the correct governing legal
> principle from [the Supreme Court's] decisions but
> unreasonably applie[d] that principle to the facts of the
> prisoner's case.

<u>Id.</u> at 412-13.

The Court further explained that a consideration of a State Court's decision, under the

"unreasonable application" clause, requires a Federal Court to "ask whether the state

court's application of clearly established federal law was objectively unreasonable."

<u>Id.</u> at 409; see also, <u>LaFrank v. Rowley</u>, 340 F.3d 685, 689 (8th Cir. 2003), cert.

denied, 541 U.S. 950 (2004).

Under this heightened standard of review, a Federal Court "may not issue the

writ simply because that court concludes in its independent judgment that the relevant

state court decision applied clearly established federal law erroneously or incorrectly,"

but "[r]ather, that application must also be unreasonable." <u>Id.</u> at 411; see also, <u>Siers</u>

v. Weber, 259 F.3d 969, 972-73 (8th Cir. 2001)(examining the impact of Williams on Habeas proceedings), cert. denied, 534 U.S. 1138 (2002); Newman v. Hopkins, 247 F.3d 848, 850-51 (8th Cir. 2001), cert. denied, 536 U.S. 915 (2002); Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), cert. denied, 532 U.S. 1024 (2001).

B.    Legal Analysis.   Following a thorough review of the Record presented, we conclude that the decisions of the Minnesota Courts were neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.

Petitioner alleges that an ex post facto violation occurred when the Minnesota Legislature retroactively extended the statute of limitations for his offense, after the offense was committed, but prior to the time bar of his prosecution.  We disagree. Article I, Sections 9 and 10, of the United States Constitution prohibits Congress, and the States, from passing any Ex Post Facto laws.[1]  An Ex Post Facto law is a statute

_____

[1]In pertinent part, Article I, Sections 9 and 10, of the United States Constitution, provide as follows:

Section 9.  * * * No Bill of Attainder or ex post facto Law shall be passed. * * *

Section 10.  No State shall * * * pass any * * * ex post
(continued...)

that "makes an action, done before the passing of the law, and which was innocent when done, criminal; [or] * * * changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. 386, 390 (1798).  "A law violates the ex post facto clause if it applies retrospectively to events occurring before its enactment and if it is more onerous than the law in effect on the date of the offense."  See, Yamamoto v. United States Parole Commission, 794 F.2d 1295, 1297 (8th Cir. 1986).  As a consequence, for the Ex Post Facto Clause to apply, the challenged act must be retrospective -- that is, applying to events occurring before its enactment -- and it must disadvantage the offender who is affected by it.  See, Weaver v. Graham, 450 U.S. 24, 29 (1981).  The clause is, nonetheless, construed narrowly.  See, Collins v. Youngblood, 497 U.S. 37, 41-52 (1990).

Recently, the Supreme Court has addressed the applicability of a retroactive extension of a limitations statute, in Stogner v. California, 539 U.S. 607, 632-33 (2003).  There, the Supreme Court decided that an extension of a statute of limitations **after** the expiration of the initial limitations period violated ex post facto prohibitions.  Id.

---

[1](...continued)
facto Law.

However, the Court made plain that it was being careful to leave intact the ability of the State to extend the time limits of prosecutions as long as the initial time limit for prosecution had not yet expired.  Id. at 632 ("And to hold that such a law is ex post facto does not prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred.").[2]

In the underlying proceedings, the Minnesota Court of Appeals followed Minnesota precedent, which established that a legislature's retroactive extension of the statute of limitations period does not violate the ex post facto prohibition, so long as the prosecution, at the time of the amendment, had not yet been time-barred.  See, State v. Burns, supra at 520.  In Burns, the Court relied extensively on Federal precedent in reaching that conclusion.   Id.,citing United States v. Madia, 955 F.2d 538, 539 (8th Cir. 1992)(finding that the law is settled that extending a limitation period before a given prosecution is barred does not violate the ex post facto clause); United States ex. rel. Massarella v. Elrod, 682 F.2d 688, 689 (7th Cir. 1982)(same); United States v. Brechtel, 997 F.2d 1108, 1113 (5th Cir. 1993)(stating that Supreme Court

---

[2]The same point was underscored in Justice Kennedy's dissent.  Stogner v. California, 539 U.S. 607, 650 (2003)("[T]he Court is careful to leave in place the uniform decisions by state and federal courts to uphold retroactive extension of unexpired statutes of limitations against an ex post facto challenge.").

teachings "reject the proposition that retroactive legislation violates the ex post facto clause merely because it adversely affects the position of criminal defendants"). We find that the holding of <u>State v. Burns</u> and the Minnesota Court of Appeals' subsequent reliance on that decision in rejecting the Petitioner's direct appeal, to be well supported by applicable Federal precedent. See also, <u>United States v. Chandler</u>, 66 F.3d 1460, 1467-68 (8th Cir. 1995).

In looking to the circumstances here, the Petitioner's criminal offense was committed on November 11, 1993. As it existed in 1993, the statute of limitations for the Petitioner's crime was seven (7) years. Since the amendment -- which extended that statute of limitations -- was enacted by the Minnesota legislature in 1995, prior to the expiration of the original statute of limitations, the State Legislature had the lawful ability to retroactively extend the time limitation, for prosecution of Petitioner and others similarly situated, without violating the <u>Ex Post Facto</u> clause. See, e.g., <u>United States v. Chandler</u>, supra at 1467-68; <u>United States v. Madia</u>, supra at 539; <u>United States ex. Rel. Massarella v. Elrod</u>, supra at 689; <u>United States v. Brechtel</u>, supra at 1113.

Accordingly, the underlying State proceedings, which resulted in the conviction of the Petitioner that he here challenges, were neither contrary to, nor involved an

unreasonable application of, clearly established Federal law. Therefore, we recommend that his Petition for a Writ of Habeas Corpus be dismissed with prejudice.

NOW, THEREFORE, It is - -

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed, with prejudice.

Dated: August 26, 2005          s/Raymond L. Erickson
                                Raymond L. Erickson
                                UNITED STATES MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 12, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 12, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.